**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MARIA CABRERA, | No. 16-71062 |
| Petitioner, | Agency No. A206-411-001 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Jose Maria Cabrera, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

In his opening brief, Cabrera does not raise any challenge to the agency's determination that his asylum application was untimely and that he failed to establish an exception to the filing deadline. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

With respect to withholding of removal, substantial evidence supports the agency's determination that Cabrera did not establish past persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) ("An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."). In his opening brief, Cabrera does not raise, and therefore waives, any challenge to the BIA's determination that he did not establish a clear probability of future persecution on account of a protected ground. *See Lopez-Vasquez*, 706 F.3d at 1079-80. Thus, Cabrera's withholding of removal claim fails.

2                                                                    16-71062

Substantial evidence supports the agency's denial of CAT relief because Cabrera failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Cabrera's contention that the agency erred in analyzing his claims.

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

16-71062